# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **LEONARDO NUNEZ-VIRRAIZABAL,** | : | **MOTION TO VACATE** |
| | : | **28 U.S.C. § 2255** |
|     Movant, | : | |
| | : | **CRIMINAL INDICTMENT NO.** |
| v. | : | **1:03-CR-0493-ODE-AJB-3** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL FILE NO.** |
|     Respondent. | : | **1:10-CV-0293-ODE-AJB** |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and upon any unrepresented parties.

Within fourteen (14) days of service of this Order, a party may file written objections, if any, to the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be

adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 26th day of April, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **LEONARDO NUNEZ-VIRRAIZABAL,** | : | **MOTION TO VACATE** |
| | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL INDICTMENT NO.** |
| v. | : | **1:03-CR-0493-ODE-AJB-3** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL FILE NO.** |
| Respondent. | : | **1:10-CV-0293-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's post-judgment Fed. R. Civ. P. 60(b)(4) motion, [Doc. 2454], and his motion to require the government to respond, [Doc. 2460]. Movant's Rule 60(b) motion is due to be dismissed as an impermissible attempt to bring a successive 28 U.S.C. § 2255 motion without authorization from the Eleventh Circuit Court of Appeals, and his motion to require the government to respond is due to be denied as moot.

Movant is serving a 250-month term of imprisonment on his drug conspiracy conviction in this Court. [Doc. 2166.] In February 2010, Movant filed a 28 U.S.C. § 2255 motion, which the Court denied on June 28, 2010. [Docs. 2260, 2324.] In November 2011, Movant filed his Rule 60(b) motion, in which he asserts that the government failed to prove the elements for a drug conspiracy and that the Court lacked

authority to sentence him. [Doc. 2454 at 2-9.] Movant contends that his Rule 60(b) motion is not a successive § 2255 motion because he challenges the "judgement of the Court." [*Id*. at 1-2.]¹

Generally, a federal prisoner must use 28 U.S.C. § 2255 to challenge his federal conviction and sentence. After bringing one collateral attack under § 2255, a prisoner may not bring a second or successive attack unless he first obtains certification from the appropriate court of appeals, here, the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas [or § 2255] case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (discussing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("We join every other circuit that has addressed the issue in concluding that the standard announced in *Gonzalez* applies to federal prisoner cases as well."), *cert. denied*, _ U.S. _, 132 S Ct. 1001 (2012). Rule 60(b) may not be used to "circumvent" the restrictions on successive § 2255 motions. *Zakrzewski v.*

---

¹ Movant cites *Abdur'Rahman v. Bell*, 537 U.S. 88 (2002), to support his argument that his Rule 60(b) motion is not a successive § 2255 motion. The court in *Abdur'Rahman*, however, dismissed the writ of *certiorari* as improvidently granted in that case, and the only associated opinion is a dissent, which is not binding authority.

2

AO 72A
(Rev.8/82)

*McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (citing *Gonzalez*, 545 U.S. 524). A Rule 60(b) motion that attacks the underlying criminal conviction or sentence on the merits must be treated as a successive attempt at collateral review under § 2255, and it must be dismissed when the movant has not complied with § 2255(h)'s certification requirement. *Gonzalez*, 545 U.S. at 538 (A Rule 60(b) motion is not a "successive habeas petition if it does not assert, or reassert, claims of error in the movant's [underlying] conviction."); *Gilbert*, 640 F.3d at 1323 (discussing *Gonzalez* and stating that a motion that asserts or reasserts a claim for relief from the underlying criminal judgment, "instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, . . . is the equivalent of a second or successive motion and is barred by § 2255(h).").

Movant's attack on his underlying criminal conviction via a Rule 60(b) motion is improper. The challenges that Movant brings must be brought in a § 2255 motion, and because Movant has already filed and been denied one § 2255 motion, he must obtain certification from the Eleventh Circuit Court of Appeals to bring a second or successive § 2255 motion in this Court. Because Movant has not obtained the required certification to file a successive petition, his Rule 60(b) motion must be dismissed. Also, since this procedural ruling is not debatable, a certificate of appealability

3

("COA") should be denied. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (" 'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's post-judgment Fed. R. Civ. P. 60(b)(4) motion, [Doc. 2454], and a COA be **DENIED**. Further, the Movant's motion to require the government to respond, [Doc. 2460], is **DENIED** as moot. Finally, the Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED, ORDERED and DIRECTED**, this 26th day of April, 2012.

```
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE
```

4