FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 21 2012

James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEONARDO NUNEZ-VIRRAIZABAL, Movant, | : : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : | CRIMINAL INDICTMENT NO. 1:03-CR-0493-ODE-AJB-3 |
| UNITED STATES OF AMERICA, Respondent. | : : : | CIVIL FILE NO. 1:10-CV-0293-ODE-AJB |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's post-judgment Fed. R. Civ. P. 60(b)(4) motion, (Doc. 2454), the Magistrate Judge's Final Report and Recommendation that the motion be dismissed and that a certificate of appealability be denied, (Doc. 2465), Movant's motion that the government respond to his post-judgment motion, (Doc. 2466), and Movant's objections, (Doc. 2467).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the

district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (former 5th Cir. 1982).[1] Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), if satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

Movant is serving a 250-month term of imprisonment on his drug conspiracy conviction in this Court. (Doc. 2166.) In February 2010, Movant filed a 28 U.S.C. § 2255 motion, which the Court denied on June 28, 2010. (Docs. 2260, 2324.) In his current Rule 60(b) motion, Movant asserts that the government failed to prove the elements for a drug conspiracy and that the Court lacked authority to sentence him. (Doc. 2454 at 2-9.)

The Magistrate Judge has found that Movant's instant challenge to his conviction and sentence on the merits is the equivalent of a second or successive 28 U.S.C. § 2255 motion, which is barred by § 2255(h) because Movant lacks certification from the Eleventh Circuit Court of Appeals to bring a second or successive § 2255 motion in this Court. (Doc. 2465 at 2-4.) The Magistrate Judge

---

[1]Although the Fifth Circuit has overruled Nettles, it remains valid law in the Eleventh Circuit. United States v. Schultz, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009).

2

(1) notes that Movant cites Abdur'Rahman v. Bell, 537 U.S. 88 (2002), to support his argument that his Rule 60(b) motion is not a successive § 2255 motion and (2) also notes that the court in Abdur'Rahman had dismissed the writ of certiorari as improvidently granted in that case and that the only associated opinion was a non-binding dissent. (Doc. 2465 at 2 n.1.)

Petitioner objects that he has presented a valid Rule 60(b) motion, again attacks his conviction and sentence on the merits, and relies on Justice Stevens's dissent in Abdur'Rahman (quoting Judge Tjoflat from the Eleventh Circuit Court of Appeals) as persuasive authority on the difference between a genuine Rule 60(b) motion and a successive § 2255 motion.[2] (Doc. 2467 at 1-2.)

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas [or § 2255] case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (discussing Gonzalez v. Crosby, 545 U.S. 524 (2005)). Rule 60(b) may not be used to "circumvent" the restrictions on

---

[2] Justice Stevens, in his dissent in Abdur'Rahman, refers to an opinion by Judge Tjoflat from the Eleventh Circuit Court of Appeals for the proposition that a motion "seeking relief from a federal court's final order entered in a habeas proceeding" generally is a Rule 60(b) motion and that a motion "seeking relief from a . . . judgment of conviction" generally is a second or successive § 2255 motion. Abdur'Rahman, 537 U.S. at 94. Even if Justice Stevens's opinion was binding on this Court, Movant's argument would fail.

3

successive § 2255 motions. Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007) (citing Gonzalez, 545 U.S. 524). A Rule 60(b) motion that attacks the underlying criminal conviction or sentence on the merits must be treated as a successive attempt at collateral review under § 2255, and it must be dismissed when the movant has not complied with § 2255(h)'s certification requirement. Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (discussing Gonzalez and stating that a motion that asserts or reasserts a claim for relief from the underlying criminal judgment, "instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, . . . is the equivalent of a second or successive motion and is barred by § 2255(h)"), cert. denied, ___ U.S. ___, 132 S. Ct. 1001 (2012).

Movant's objection fails under binding precedent. Movant's motion seeking relief from his conviction and sentence is a second or successive § 2255 motion. The Court finds no error in the Magistrate Judge's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Movant's objections, (Doc. 2467), are **OVERRULED**; the Magistrate Judge's Final Report and Recommendation, (Doc. 2465), is **ADOPTED** as the Order of this Court; Movant's post-judgment Fed. R. Civ. P.

60(b)(4) motion, (Doc. 2454), construed as a successive motion under § 2255,[3] is **DISMISSED** for lack of jurisdiction; and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion that the government respond to his post-judgment motion, (Doc. 2466), is **DENIED** as moot.

**IT IS SO ORDERED**, this 21 day of June, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[3]The Court may recharacterize Movant's current motion as a § 2255 motion without first notifying him because notification is required only when a filing is recharacterized as a prisoner's first § 2255 motion. See Castro v. United States, 540 U.S. 375, 383 (2003) ("The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion."); Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1277 n.10 (11th Cir. 2004) ("The Castro decision does not extend beyond initial filings . . . ."). This is not Movant's first § 2255 motion. (See Doc. No. 2260.)

5